IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAMELLIA AIR 2, LLC, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| RAYMON L. ROTON, | ) |
| | ) |
|     INTERVENOR-PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:09-cv-665-MEF |
| | ) |
| HELISPEC, LLC and HELISPEC, INC., | ) (WO) |
| | ) |
|     DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

On July 16, 2009, Plaintiff Camellia Air 2, LLC ("Plaintiff") filed suit against Helispec, LLC and Helispec, Inc. (collectively "Helispec") alleging claims pursuant to 26 U.S.C. § 6221, *et seq.*, the Tax, Equity and Fiscal Responsibility Act of 1982 ("TEFRA"). Plaintiff sough declaratory and injunctive relief, damages, including attorney's fees and the costs of this action. On August 3, 2009, Helispec answered the Complaint. In so doing, it was represented by William Alverson ("Alverson").

The Court prompted the parties to submit a Report of Parties Planning Meeting pursuant to Federal Rule of Civil Procedure 26(f). After receiving this report and pursuant to Federal Rule of Civil Procedure 16, the Court issued a Uniform Scheduling Order (Doc. # 12), which set trial and other key deadlines for this case. Accordingly, as of October 5, 2009, the parties were on notice that: discovery was to be completed by no later than August

30, 2010; dispositive motions were to be filed by no later than July 1, 2010; and this case was to be tried on October 25, 2010. On March 31, 2010, one of the members of Plaintiff Raymond L. Roton ("the Intervenor"), sought leave to intervene as an additional plaintiff. Helispec did not object and the leave to intervene was granted.

On July 1, 2010, Plaintiff filed a timely motion for summary judgment (Doc. # 26) supported by a brief and certain exhibits (Doc. # 27). Consistent with its normal practice, the Court entered an Order setting a deadline of July 20, 2010, for Helispec's response to the motion for summary judgment. Alverson filed no response or opposition to Plaintiff's motion. Instead on July 19, 2010, Alverson filed a motion seeking to withdraw as counsel for Plaintiff because the "case involves tax matters and [Alverson] is no proficient in that area of the law and has been unable to work towards a resolution of the case." (Doc. # 29). Noting that his clients, which by law cannot appear without counsel in a legal action, would need additional time to obtain new counsel, Alverson urged a delay of an unspecified duration. *Id.* The Court denied the motion on July 20 2010.

Fewer than four hours after the Court's denial of his first motion to withdraw, Alverson filed another motion. Alverson again urged the Court to allow him to withdraw because he lacked expertise in tax matters such as those implicated by this suit. *See* Doc. # 31. Alverson also indicated that he and his clients have begun to view the case differently and that replacement counsel would be needed to represent Helispec's interests in this matter. Additionally, he specifically asked the Court to continue the July 20, 2010 deadline for

Helispec's response to summary judgment. Id. Counsel for Plaintiff and the Intervenor filed their objection to any continuance which would cause the case to be continued from its October 25, 2010 trial setting.

On August 3, 2010, the Court convened a hearing on Alverson's second motion to withdraw and the objection thereto. At this hearing, Alverson represented that Helispec had secured the services of one of more attorneys to represent the Helispec entities in this case. Furthermore, he argued that the delay created by his withdrawal from this action would be brief. Counsel for Plaintiff and the Intervenor noted that Alverson lacked good cause for withdrawing at this late date and cautioned that further delay could further damage his clients. Additionally, he urged inquired about the availability of mediation for this case.

Having considered all of the foregoing, it is hereby ORDERED as follows:

1. The trial of this cause and all remaining deadlines set in the Uniform Scheduling Order are CONTINUED GENERALLY.

2. Counsel for Plaintiff and the Intervenor are DIRECTED to provide notice to the Court by no later than August 9, 2010 of any dates on which counsel is *not* available for trial between November 1, 2010 and January 31, 2011.

3. By no later than August 6, 2010, any new counsel for Helispec shall file notices of appearance. Additionally, Helispec's new counsel are DIRECTED to provide notice to the Court by no later than August 9, 2010 of any dates on which counsel is *not* available for trial between November 1, 2010 and January 31, 2011.

4.  The Motion for Summary Judgment (Doc. # 26) is DENIED with leave to refile said motion or a different dispositive motion after the entry of the new Uniform Scheduling Order in this case.

5.  Counsel for Plaintiff and the Intervenor shall file a notice with the Court indicating the total amount billed or to be billed to his client for the preparing the Motion for Summary Judgment (Doc. # 26), including but not limited to the number of billable hours attributable to each attorney and their customary hourly rate, by no later than August 6, 2010.

6.  Due to the pattern of inexcusable conduct and repeated failure to comply with orders of this Court in this case, the Court finds that hereby ORDERS that Alverson be SANCTIONED pursuant to this Court's authority under Federal Rule of Civil Procedure 16(f). The factual predicate for the imposition of sanctions is simple. Alverson has repeatedly failed to comply with the orders of this Court, in particular its scheduling orders, and his failure to comply with these orders is without substantial justification. It is ORDERED that Alverson shall pay to Allred & Allred, P.C. the sum provided to the Court pursuant to Paragraph 5 above on or before **August 13, 2010.** It is further ORDERED that immediately upon payment of this amount, Alverson shall file with this Court a written certification signed pursuant to Federal Rule of Civil Procedure 11 indicating that he has paid the fine. A copy of the receipt for payment of the fine shall be attached as an exhibit to this certification. It is further ORDERED that Alverson shall pay this fine himself and shall not seek to recover it as an expense from his clients. **Failure to comply with any aspect of**

4

**this Order or any other Order by this Court may result in the imposition of further sanctions.**

7. Upon complete compliance with the requirements of Paragraphs 3 and 6 of this Memorandum Opinion and Order, the Court will likely grant the Amended Motion to Withdraw and Motion to Continue Deadline for Filing for Summary Judgment Response, but that motion remains pending at this time.

8. All counsel and parties are ADMONISHED to consider seriously attempting to resolve this case by mediation as soon as possible to avoid further legal expenses and damages. The Court reminds all involved that the Court offers a program of mediation without charge which involves the Court's very able and experienced Magistrate Judges.

9. All counsel of records are REQUIRED to provide a copy of this Memorandum Opinion and Order to their clients by no later than August 5, 2010.

DONE this the 4th day of August, 2010.

                                            /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE